# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JEREMY A. LOCKE**                                                                 **PLAINTIFF**

VS.                                             **3:21-CV-00163-BRW**

**DEPARTMENT OF THE TREASURY;**
**INTERNAL REVENUE SERVICE**                                                **DEFENDANTS**

## ORDER

Pending is Plaintiff Jeremy A. Locke's Motion to Proceed *In Forma Pauperis* (Doc. No. 1). Locke's motion is GRANTED. Now, I must screen the complaint.[1]

"A *pro se* plaintiff must set forth enough factual allegations to 'nudge their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted."[2] A plaintiff's complaint must allege specific facts sufficient to state a claim.[3] The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"[4]

Locke has met this burden. Locke alleges problems with resolving denied stimulus payments and education credits following the filing of his most recent federal income taxes.[5]

---

[1] 28 U.S.C. § 1915(e)(2)(B).

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[3] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[4] *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

[5] Complaint, Doc. 2 at 4.

Congress has not authorized suits against the IRS.[6] Traditionally, a taxpayer "must file an administrative claim for refund with the IRS within three years of the time the tax return was filed or within two years of the time the tax was paid. I.R.C. § 6511(a)."[7] Whether Locke has exhausted his administrative remedies, or been prevented from doing so, remains to be seen.

The Clerk of the Court is directed to prepare summonses for service upon the Defendants to the following: Internal Revenue Service, Department of the Treasury, c/o U.S. Department of Justice – Tax Division, P.O. Box 7238, Washington, DC 20044-7238; Attorney General Merrick B. Garland, U.S. Department of Justice, 950 Pennsylvania Ave., N.W., Washington, D.C. 20530-0001; and Acting United States Attorney for the Eastern District of Arkansas Jonathan Ross, U.S. Attorney's Office, P.O. Box 1229, Little Rock, AR 72203-1229. The Clerk of the Court should deliver the summonses, along with a copy of the Complaint and this Order, to the United States Marshal for the Eastern District of Arkansas for service on Defendant, consistent with the provisions of Rule 4 of the Federal Rules of Civil Procedure.

Locke must be familiar and comply with all Federal Rules of Civil Procedure as well as the Local Rules of this Court. The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the District Clerk for the Eastern District of Arkansas.

Local Rule 5.5(c)(2) instructs *pro se* parties that it is their responsibility to notify the Clerk of the Court and other parties of any change in address, to monitor the progress of the case, and to prosecute or defend the action diligently. *Pro se* parties should sign all pleadings and include their

---

[6] *Illinois Lumber and Material Dealers Ass'n Health Ins. Tr. v. U.S.*, 794 F.3d 907, 909 (8th Cir. 2015).

[7] *Id*.

address and telephone number with the signature. If any communication from the Court to a *pro se* party is not responded to within thirty (30) days, the case may be dismissed without prejudice.

The Clerk is directed to redact Locke's social security number from pages 11, 14, and 20 of his Complaint.

IT IS SO ORDERED this 14th day of September, 2021.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE